UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM KISSANE,

      Petitioner,                                      Case No. 5:14-CV-10938
                                                     Hon. John Corbett O'Meara

v.

MICHIGAN PAROLE BOARD,

      Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSNG THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

William B. Kissane, ("Petitioner"), incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges the Michigan Parole Board's refusal to grant him parole. The petition for writ of habeas corpus is SUMMARILY DENIED WITH PREJUDICE.

### I. Background

Petitioner was convicted after a jury trial in the Genesee Circuit Court of one count of kidnapping and one count of armed robbery. He was sentenced on December 22, 1981, to two concurrent terms of life imprisonment. Petitioner alleges that on August 3, 2012, he was denied parole with the next consideration date being set for September, 2017.

The petition enumerates four claims:

I. The Petitioner has been denied the right to equal protection of the Fourteenth Amendment of the United States Constitution by the Michigan Parole Board.

II. The Petitioner has been denied the right of due process of the Fourteenth Amendment of the United States Constitution by the Michigan Parole Board.

III. The Petitioner has been denied due process when the parole board has used inaccurate and incomplete information to withdraw interest in proceeding with parole.

IV. The action properly asserts a claim pursuant to 28 U.S.C. § 2254.

## II. Discussion

All of Petitioner's claims concern the Michigan Parole Board's decision to deny him early release from his life sentences. Because Petitioner has no constitutionally recognizable interest in his release on parole, he fails to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).

In  numerous cases, federal courts have reviewed Michigan law and have found a complete

2

absence of mandatory language or the imposition of substantive predicates restricting the Michigan Parole Board's discretion. Michigan statutes merely define those prisoners not eligible for parole and list factors that the Parole Board may or may not consider in its decision to grant or deny parole, without directing a specific result. See MICH. COMP. LAWS §§ 791.233b, .234, .235. No statutory provision requires parole for any eligible prisoner under any circumstances. The statute makes release on parole expressly discretionary. MICH. COMP. LAWS § 791.234(7). Relying upon these provisions of Michigan law, the Sixth Circuit Court of Appeals has authoritatively held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc).

Until a petitioner has served his maximum sentence, he has no reasonable expectation of liberty. In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to grant Petitioner parole, therefore, implicates no federal right. In the absence of a liberty interest, Petitioner fails to state a claim for a violation of his procedural due process rights.

Petitioner's additional, implicit, claim that the trial court intended for his life sentence to be more lenient in light of the parole board practices at the time of sentencing, also does not state a claim. Petitioner does not argue that the actual language of the current parole statute is vague or unclear. Rather, he contends that the parole board has changed the parole scheme in Michigan such that prisoners with parolable life sentences are less likely to be released on parole than they were when he was setnenced. Plaintiff's argument is more akin to an alleged ex post facto violation. The

Ex Post Facto Clause ensures "'that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed.'" *United States v. Reese*, 71 F.3d 582, 585 (6th Cir. 1995) (quoting *Weaver v. Graham*, 450 U.S. 24, 28-29 (1981)). An ex post facto violation includes two elements: "(1) the law must apply to events occurring before its enactment, and (2) it must disadvantage the offender affected by it." *Id.* (citing *Miller v. Florida*, 482 U.S. 423, 430 (1987)). In *Foster v. Booker*, 595 F.3d 353, 361-67 (6th Cir. 2010), the Sixth Circuit held that the plaintiffs, inmates sentenced to life imprisonment with the possibility of parole, failed to make out an ex post facto claim based on statutory changes to Michigan's parole regime. Consequently, Plaintiff's ex post facto argument must fail.

Because none of Petitioner's arguments state a cognizable claim, the petition is subject to summary dismissal.

### III. Conclusion

The Court will therefore deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition.

4

*Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). Because Petitioner does not have a protected liberty interest in being granted parole, he has failed to make a substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on this claim. *See Heidelberg v. Illinois Prisoner Review Bd.*, 163 F.3d 1025, 1025-1027 (7th Cir. 1998). The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma pauperis.

s/John Corbett O'Meara
United States District Judge

Date:  March 12, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 12, 2014, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

5