UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Kissane,

        Petitioner,               Case Number 5:14-cv-10938
                                                                    Honorable John Corbett O'Meara

v.

Michigan Parole Board,

        Respondent.
_____/

OPINION AND ORDER DENYING MOTION TO AMEND OR ALTER JUDGMENT [Dkt. 7]; DENYING MOTION TO AMEND MOTION TO AMEND OR ALTER JUDGMENT [Dkt. 8]; AND DENYING AMENDED MOTION TO AMEND OR ALTER JUDGMENT [Dkt. 9]

Petitioner, William Kissane, a state prisoner, filed this case under 28 U.S.C. § 2254, challenging the denial of parole from his life sentences. On March 12, 2014, the Court summarily denied the petition for lack of merit, noting that Petitioner has no constitutionally protected interest in being considered for early release from his sentence. Presently before the Court are Petitioner's motions seeking to amend the judgment on the grounds that the Court failed to consider the equal protection aspects of his claims.

A motion to alter or amend judgment brought by a habeas petitioner under Rule 59(e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1(h) of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547,

550 (E.D. Mich. 1999). Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner asserts that the Court's summary dismissal order did not address his equal protection claim. Petitioner asserts that the denial of parole in his case violated equal protection because many other prisoners serving life sentences are granted parole.

The Equal Protection Clause "protects against arbitrary classifications, and requires that similarly situated persons be treated equally." *Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005). Nevertheless, "to withstand Fourteenth Amendment scrutiny, statutes that do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest." *Id*.

As has been explained to Petitioner in the past, there is no fundamental right to

parole, and prisoners are not a suspect class. *Kissane v. Jones*, 89 F. App'x 577, 578 (6th Cir. 2004). Because neither a suspect class nor a constitutional right is involved in this claim, the parole board's decision to deny Petitioner parole need only satisfy the rational basis test. *Id*.

Under the rational basis test, a "plaintiff may demonstrate that the government action lacks a rational basis . . . either by negativing every conceivable basis which might support the government action, or by demonstrating that the challenged government action was motivated by animus or ill-will." *Davis v. Prison Health Services*, 679 F.3d 433, 438 (6th Cir. 2012). The State, in contrast, bears no burden of proof and its decision is presumptively valid. An equal protection claim will only be viable if the State's action is shown to be irrational. *Id*. As Petitioner admitted in his petition, the parole board denied parole because Petitioner did not seem to accept responsibility for his crimes during the early stages of his interview. This gave the board a rationale basis to deny him parole but grant parole to other prisoners facing life sentences who are more forthcoming in their interviews.

Consequently, Petitioner has not met his burden of demonstrating that the government lacked a rational basis for its action. Petitioner has not alleged that similarly-situated prisoners were treated differently, nor has he provided facts that the parole board's decision was the result of ill-will. Accordingly, Petitioner's equal

protection claim is without merit.

Petitioner's pending motions are **DENIED.**

**SO ORDERED.**

                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  July 22, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 22, 2014, using the ECF system and/or ordinary mail.

                                            s/William Barkholz
                                            Case Manager